IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOMMY RADFORD
ADC #89900                                                                        PLAINTIFF

v.                            No. 5:19-cv-236-DPM-JTK

SANDRA JEFFERSON, Commissary
Supervisor, Maximum Security Unit;
and SHANE OMEALIA, CO-1                                                DEFENDANTS

ORDER

1. On *de novo* review, the Court partly adopts the partial recommendation, *Doc. 42*, and mostly overrules Omealia's objections, *Doc. 43*. FED. R. CIV. P. 72(b)(3).

2. The Court declines Section IV of the recommendation. The Court gets to the same place by a different route.

An earlier court's conclusion that a dismissal counts as a strike is not binding. Instead, this Court must independently decide whether Radford had three strikes at the time he filed this lawsuit. 28 U.S.C. § 1915(g); *Hill v. Madison County, Illinois*, 983 F.3d 904, 906 (7th Cir. 2020); *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147, 1153 (D.C. Cir. 2017). There's a wrinkle, though:

> [T]he later district court must independently determine whether the dismissal in the earlier case occurred on

grounds enumerated in the PLRA, but the later district court may not relitigate the underlying *merits* of those past dismissals. *Thompson*, 492 F.3d at 438–39. Put another way, the question of whether a prior district court properly labeled the case as a strike is distinct from the question of whether a prior district court properly dismissed a case for failure to state a claim, or as frivolous or malicious. The former is not binding on the later district court; the latter is binding on the later district court.

*Fourstar*, 875 F.3d at 1153 n.2 (emphasis original). Thus, although the complaint in *Radford v. Weathers* might state a claim for relief under current law, this Court cannot revisit the Court's conclusion that it failed to state a claim in 2001. Doc. 5 in No. 2:01-cv-229-SWW. That dismissal therefore counts as a strike. The dismissal in *Radford v. Barnes* does not. Doc. 5 in No. 2:01-cv-230-BRW. Part of the lawsuit was dismissed for failure to state a claim; but the retaliation claim was dismissed for failure to exhaust. A dismissal for failure to exhaust does not count as a strike. *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007). The motion to revoke Radford's *in forma pauperis* status, Doc. 34, is therefore denied.

**3.** The Court adopts the remainder of the recommendation. The motion for summary judgment, Doc. 36, is granted as to Radford's claims against Jefferson. Those claims are dismissed with prejudice. The facts about what happened between Radford and Omealia,

however, are genuinely disputed. *Compare Doc. 37-1 at 13–17, with Doc. 37-2* And whether Omealia is entitled to qualified immunity depends on how those factual disputes are resolved. The motion for summary judgment is therefore denied as to Radford's excessive force claim against Omealia.

*   *   *

Partial recommendation, *Doc. 42*, partly adopted and partly declined. Motion to revoke *in forma pauperis* status, *Doc. 34*, denied. Motion for summary judgment, *Doc. 36*, partly granted and partly denied. Radford's claims against Jefferson are dismissed with prejudice; his excessive force claim against Omealia goes forward. A Final Scheduling Order will issue. The Court returns this case to the Magistrate Judge for further pretrial proceedings, including appointment of counsel.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2021